UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WALTER A.,                                                      Case No. 25-CV-4376 (PJS/DLM)

            Petitioner,

v.                                                                                **ORDER**

PETER B. BERG, Director of St. Paul
Enforcement and Removal Operations,
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the
Department of Homeland Security;
PAMELA BONDI, Attorney General of
the United States; MATTHEW
AKERSON, Captain of the Kandiyohi
County Jail; and TODD LYONS, Acting
Director for United States Immigration
and Customs Enforcement, in their
official capacities,

            Respondents.

---

Petitioner Walter A. is subject to a final order for removal that became administratively final on November 13, 2025. Pet. at 11, ECF No. 1. He is in detention awaiting removal, consistent with 8 U.S.C. § 1231(a)(2), which *requires* that persons subject to a final order of removal be detained during a 90-day "removal period." That 90-day removal period begins to run upon the order of removal becoming administratively final. The government may continue to detain a person subject to a final order of removal after the conclusion of the 90-day removal period, *see* 8 U.S.C.

1

§ 1231(a)(6), but after six months' detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Notwithstanding the plain language of § 1231(a)(2) and the fact that his order of removal has only just become administratively final, Walter A. believes that he should no longer be subject to detention. He filed a petition for a writ of habeas corpus and a motion for a temporary restraining order ("TRO") requesting his immediate release. The Court has conducted a review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, the Court concludes that the habeas petition is premature.

The gist of the habeas petition now before the Court is that Walter A. believes that he will eventually succeed in challenging the legality of his removal order and therefore the government will be unable to lawfully effect his removal. Leaning on *Zadvydas* and other similar cases, Walter A. argues that because his removal is not reasonably foreseeable, the government cannot continue detaining him. *See* Pet. at 20–21.

---

[1] Walter A.'s habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, "[t]he district court may apply any or all of these rules to a habeas corpus petition" not brought under § 2254. Rule 1(b).

This is a *substantial* overreading of *Zadvydas*. In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6)—which permits detention *beyond* the 90-day removal period—"authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. Recognizing the "serious constitutional concerns" inherent in potentially limitless detention, *Zadvydas* construed § 1231(a)(6) to contain an "implicit 'reasonable time' limitation" requiring the government to release a detainee awaiting deportation if there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 682, 701.

Courts have since disagreed about the definition of "reasonably foreseeable future." Although *Zadvydas* identifies six months as a "presumptively reasonable period of detention," *id.* at 701, *Zadvydas* does not indicate whether that presumption of reasonableness may be overcome before six months have elapsed if the petitioner makes a sufficient showing that removal is not reasonably foreseeable.

Many courts (including in this District) have concluded that the six-month threshold established by *Zadvydas* is insuperable: Someone who (like Walter A.) has been detained less than six months simply cannot seek habeas relief pursuant to *Zadvydas*. *See, e.g.*, *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) ("Therefore, in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a

3

good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."); *Martinez-Senan v. Tritten*, No. 17-CV-5080 (WMW/BRT), 2018 WL 1226110, at *1 (D. Minn. Mar. 9, 2018) ("Because Martinez-Senan's removal period commenced on November 3, 2017, his current detention remains 'presumptively reasonable.' The petition for a writ of habeas corpus at issue here, therefore, is premature.") (internal citation omitted); *Gael A. O. v. DHS/ICE Off. of Chief Couns.*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3325839, at *4 (D. Minn. May 13, 2019) ("A petition for habeas relief filed before the end of [the] six-month period is premature and must be dismissed."), *report and recommendation adopted*, 2019 WL 3322920 (D. Minn. July 24, 2019).  As Walter A. points out, however, other courts have concluded that the presumption that detention is reasonable during the first six months following the order of removal becoming administratively final may be overcome through sufficient evidence from the petitioner that removal is not likely to occur.  *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. June 24, 2025) (collecting cases).

This Court need not rule on this issue, however, as it has nothing to do with this case in its current posture.  Walter A. is subject to finite detention under § 1231(a)(2), rather than to open-ended detention under § 1231(a)(6).  Under § 1231(a)(2), detention is no longer authorized after the 90-day removal period.  *See* 8 U.S.C. § 1231(a)(1).  In other words, there is no risk of *indefinite* detention under § 1231(a)(2), and thus the

4

considerations underpinning *Zadvydas* do not apply to someone detained under § 1231(a)(2) rather than under § 1231(a)(6). *See, e.g., Zadvydas*, 533 U.S. at 682; *Khotesouvan v. Morones*, 386 F.3d 1298, 1300–01 (9th Cir. 2004) ("By contrast [to the period of detention in *Zadvydas*], detention under § 1226(c) lasts roughly a month and half in the vast majority of cases[.]") (quotation omitted); *Inemo S.C. v. Dep't of Homeland Sec.*, No. 19-CV-2881 (PJS/LIB), 2020 WL 2765108, at *2 (D. Minn. May 28, 2020) ("The Court is not aware of any authority supporting [petitioner's] claim that a district court may grant a habeas petition challenging the length of pre-removal detention when the petition was filed before the end of the 90-day removal period authorized by § 1231(a)(1)(A).").

Walter A. attempts to circumvent the problem posed by the mandatory removal period by pointing out that he has been in custody for a total of roughly 18 months, not only the week or so since his order of removal became administratively final. *See* Pet. at 24 n.4. But nearly all of that time was spent in pre-removal detention pursuant to 8 U.S.C. § 1226(a).[2] Only recently has Walter A. been detained under § 1231(a), and the lawfulness of his detention under § 1231(a) must be evaluated independently of the lawfulness of his prior detention under § 1226(a). *See Alier D. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *2 (D. Minn. Nov. 8,

---

[2] Walter A. challenged the lawfulness of that pre-removal detention as well. His habeas petition was denied. *See Walter A. v. Berg*, No. 25-CV-1915 (PAM/LIB), ECF No. 13 (D. Minn. June 27, 2025).

2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention.").

Because Walter A. is being lawfully detained at this time, his habeas petition is denied. And because Walter A. cannot establish a likelihood of success on the merits, his motions for a TRO are also denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for writ of habeas corpus [ECF No. 1] is DENIED WITHOUT PREJUDICE.

2. Petitioner's motions for a temporary restraining order [ECF Nos. 4, 9] are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 25, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court