UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WALTER A., | Case No. 25-CV-4376 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| PETER B. BERG, Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; MATTHEW AKERSON, Captain of the Kandiyohi County Jail; and TODD LYONS, Acting Director for United States Immigration and Customs Enforcement, in their official capacities, | |
| Respondents. | |

Stacey Rogers, SRR LAW GROUP LLC, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

On November 25, 2025, the Court dismissed without prejudice petitioner Walter A.'s habeas petition challenging his immigration detention under 8 U.S.C. § 1231(a)(2).[1]  ECF No. 10.  This matter is now before the Court on Walter A.'s motion

---

[1]The Court also denied Walter A.'s motions for a temporary restraining order.
(continued...)

-1-

for relief from judgment brought under Fed. R. Civ. P. 60(b)—filed the same day as the Court's order.  ECF No. 11.  For the reasons that follow, Walter A.'s motion is denied.

Rule 60(b) permits relief only in limited circumstances.  "It is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001) ("Rule 60(b) relief may be afforded in only the most exceptional of circumstances.").  In his motion, Walter A. is simply rehashing arguments that the Court has already rejected.

This is a *habeas* action.  As Walter A. himself acknowledges, a habeas action challenges "only the lawfulness of Petitioner's continued *detention*," ECF No. 11 at 1 (emphasis added)—not the lawfulness of a removal order or the execution of a removal order.  If a habeas action is successful, the government is ordered to *release the petitioner from custody*.  A habeas action does not result in the government being enjoined from removing the petitioner from the United States.  Removal is a form of release from custody—and, again, the whole point of a habeas action is to win release from custody.

What Walter A. is trying to do in this habeas proceeding is to litigate the question of whether the government may execute the final removal order that has been entered against him.  On its face, that question has nothing to do with the lawfulness of Walter A's detention, but Walter A's attorney has tried to make it relevant by arguing as

---

¹(...continued)
ECF Nos. 4, 9.

follows:  (1) Walter A. has been detained pursuant to the mandatory 90-day detention prescribed by 8 U.S.C. § 1231(a)(2).  (2) *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies to detentions under § 1231(a)(2).  (3) *Zadvydas* requires release of someone detained under § 1231(a)(2)—notwithstanding the mandatory nature of the detention—if "there is no significant likelihood of removal in the reasonably foreseeable future."  533 U.S. at 701.  (4) The government cannot remove Walter A. "in the reasonably foreseeable future" because he has been granted Deferred Action on the basis of his Special Immigrant Juvenile ("SIJ") status.  (5) Therefore, *Zadvydas* requires that Walter A. be released from custody.

For reasons that the Court has explained, *Zadvydas* does not apply to the 90-day mandatory detention period under § 1231(a)(2), and therefore the rest of Walter A.'s argument is irrelevant.  Nothing in the motion to reconsider convinces the Court that it made a mistake.  Walter A. does not cite a single case holding that *Zadvydas* applies to the 90-day mandatory detention period.  Instead, he relies entirely on case law addressing detention *after* the 90-day mandatory detention period.  Nor does Walter A. identify any authority suggesting that it is unconstitutional for the government to detain an individual during the mandatory 90-day removal period because the individual challenges the lawfulness of a removal order or the anticipated execution of

a removal order.  In the absence of such authority, this Court can hardly find that the government acted unlawfully by *detaining* Walter A. as it is required to do by law.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner's emergency motion to reconsider [ECF No. 11] is DENIED.

Dated: November 26, 2025         /s/ Patrick J. Schiltz
                                 Patrick J. Schiltz, Chief Judge
                                 United States District Court