UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WALTER A., | Case No. 25-CV-4376 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| PETER B. BERG, Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; MATTHEW AKERSON, Captain of the Kandiyohi County Jail; and TODD LYONS, Acting Director for United States Immigration and Customs Enforcement, in their official capacities, | |
| Respondents. | |

Stacey Rogers, SRR LAW GROUP LLC, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondent.

Petitioner Walter A. is subject to an order of removal that became administratively final on November 13, 2025. ECF No. 1 at 11. He is in detention pursuant to 8 U.S.C. § 1231(a)(2), which mandates that persons subject to a final order of removal be detained during a 90-day removal period. Walter A. brought this habeas action to challenge his detention, contending that it is unlawful because there is no

-1-

significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Specifically, Walter A. pointed to his status as a Special Immigrant Juvenile ("SIJ") and the accompanying grant of deferred action to establish that he is not currently subject to removal and that therefore his continued detention is unlawful. *See generally* ECF No. 1. The Court dismissed his petition without prejudice, finding that, under § 1231(a)(2), detention is mandatory during the initial 90-day removal period regardless of the likelihood of removal.

This matter is before the Court on Walter A.'s motion for a temporary stay of removal to preserve the Court's jurisdiction over his habeas petition. In reviewing a motion for a temporary restraining order, a court must consider four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant if the injunction is not granted; (3) the balance between that harm and the harm that granting the injunction will inflict on the other parties; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

With respect to likelihood of success: Walter A.'s habeas petition challenges his continued detention, not his removal order or any attempt to execute that order. Indeed, the premise of his habeas petition is that his detention is unlawful because he is *not* likely to be removed in the foreseeable future. True, one of the premises of his claims is that respondents are legally barred from removing him. But his petition does

not directly challenge any attempt to remove him; instead, it only seeks release from respondents' custody. *See, e.g.*, ECF No. 1 at 23 (habeas petition noting that Walter A. "would be able to pursue *separate and distinct action* for any attempted removal") (emphasis added); *id.* at 26 (requesting relief in the form of immediate release and a declaration that his continued detention is unlawful). As removal would necessarily result in his release from respondents' custody and render his claims for release moot, it would make no sense for the Court to enjoin his removal in order to preserve its jurisdiction over his claims to be released.

That said, given Walter A.'s allegations concerning his SIJ status and grant of deferred action—and given his expressed intention to "pursue [a] separate and distinct action" to challenge the lawfulness of his removal—the Court will enjoin respondents from removing Walter A. for a short period to give Walter A. time to file that "separate and distinct action." The Court has grave doubts that a federal court would have jurisdiction over any such action. *See* 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . *execute removal orders* against any alien under this chapter") (emphasis added). But Walter A. has a non-frivolous argument to the contrary. *See Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 909 (W.D. Wash. 2025) (finding jurisdiction notwithstanding § 1252(g) because the petitioner's "claims arise

from the Government's decision to grant him deferred action combined with ICE's subsequent refusal to honor that grant"); *but see Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017) (finding that § 1252(g) barred a claim for compensation for wrongful removal because, "[a]lthough the execution of this removal order happened to be in violation of a stay, the alien's claims are directly connected to the execution of the removal order").

With respect to the remaining factors: Walter A. alleges that, if he is removed, he will lose his SIJ status, which would appear to be a form of irreparable harm. ECF No. 1 at 23. A limited stay would do little to no harm to respondents, particularly as Walter A. remains detained, and the public interest is served by ensuring that the Executive Branch follows the law. Given the exigencies of the situation, the Court finds that these factors constitute a sufficient showing for a limited stay of removal to allow for the full airing of any challenges that Walter A. may have to the lawfulness of his removal.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's emergency motion to stay [ECF No. 12] is GRANTED.

2. Respondents and their officers, agents, servants, employees, and all others in active concert and participation with them are ENJOINED from removing petitioner from the United States from the date of this order through and including December 10, 2025.

Dated: November 26, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court